J-S48045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH GEORGE BASS | |
| Appellant | No. 636 WDA 2015 |

Appeal from the Judgment of Sentence of April 13, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0002148-2014

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED SEPTEMBER 09, 2015**

Joseph Bass ("Bass") appeals the April 13, 2015 judgment of sentence. We affirm.

The trial court set forth the following factual and procedural history of this case:

> At around 2:00 a.m. on October 26, 2014 [Cindy Merchant ("Merchant")] was at home with her boyfriend, Eugene Hall [("Hall")].  She was in her bedroom when she heard a loud noise.  She walked out of the bedroom through the living room and noticed the front door to the house was open, as she had left the door unlocked when she first arrived home.  Upon seeing the door open, she then saw [Bass] enter into the house. [Merchant] then told him three times to leave the house, but [Bass] refused.  [Bass] then grabbed [Merchant] by the neck, lifted her in the air, and carried her to the opposite side of the living room.
>
> Around this time, [Merchant's] boyfriend, [Hall,] came out of the bedroom after hearing loud screaming.  [Hall] went to the kitchen and observed [Bass] holding [Merchant] in the air by her neck.  [Hall] said "hey" and [Bass] dropped [Merchant] "about a

foot or two" to the ground. When she fell, [Merchant's] left arm struck the doorframe in the kitchen.

[Hall] then asked [Bass] to identify himself, and he responded, "I am Joe Bass." [Hall] began to walk towards [Bass,] and [Bass] backed up towards the door and eventually left the residence. [Merchant] sustained bruises to her arm and red marks on her neck. [Hall] also observed scrapes on her elbow. [Merchant's] arm remained bruised for about a week and the marks on her neck disappeared the next day.

Trial Court Opinion ("T.C.O."), 6/2/2015, at 2 (citations to the certified record omitted).

As a result of these events, Bass was charged with burglary and simple assault.[1] On April 5, 2015, Bass proceeded to a jury trial. On April 7, 2015, the jury acquitted Bass of burglary, but found him guilty of simple assault. On April 13, 2015, the trial court sentenced Bass twelve to twenty-four months' imprisonment, imposed consecutively to a prior unrelated sentence.

On April 17, 2015, Bass filed a notice of appeal. On that same day, the trial court ordered Bass to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bass timely complied. On June 2, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Bass presents two issues for our consideration:

1. Whether the Commonwealth failed to prove beyond a reasonable doubt all elements of simple assault[.]

2. Did the court err in denying [Bass'] motion to grant [a] mistrial[?]

---

[1]  18 Pa.C.S. §§ 3502, and 2701(a)(1), respectively.

- 2 -

Brief for Bass at 8 (capitalization modified).

When reviewing a challenge to the sufficiency of the evidence:

we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. We may not weigh the evidence and substitute our judgment for the fact-finder. To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt. Lastly, the finder of fact may believe all, some or none of a witness's testimony.

*Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011) (citations omitted).

Instantly, the jury found Bass guilty of simple assault. That offense is defined, in pertinent part, as follows:

**(a) Offense defined.—** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]

18 Pa.C.S. § 2701(a)(1). As used in this statute, "bodily injury" refers to an "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, as our standard of review requires, the evidence presented at trial was sufficient to find Bass guilty of simple assault. Merchant testified at trial that Bass

- 3 -

grabbed her by the throat, lifted her in the air, and carried her across the room. Merchant sustained red marks on her neck from being choked. Merchant also testified that Bass eventually dropped her against a door frame, which left bruises on her arms.

The Commonwealth presented corroborating testimony from Merchant's boyfriend, Hall. Hall testified that he saw Bass holding Merchant in the air by her neck. When Hall attempted to intervene, Bass dropped Merchant onto the ground. Hall also testified that he observed red marks on Merchant's neck and scrapes on her elbow. Finally, the Commonwealth introduced photographs of Merchant's injuries into evidence, which the jury had the benefit of during deliberations.

The above evidence amply supports the jury's conclusion that Bass either attempted to cause Merchant bodily injury, or that he intentionally, knowingly, or recklessly caused her bodily injury. Bass' challenge to the sufficiency of the evidence supporting his conviction for simple assault is without merit.

In his second issue, Bass contends that the trial court erred in denying his motion for a mistrial. Our standard of review is as follows:

> A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

*Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003) (internal citations and footnote omitted).

Bass' appellate brief falls hopelessly short of presenting this issue in a manner sufficient to justify our review. Without even noting our standard of appellate review, Bass' substantive argument on this question begins and ends with the vague assertion that "Commonwealth witness, Eugene Hall, made a prejudicial statement about [Bass'] incarceration."[2] Brief for Bass at 18. Bass then concludes, without any supporting legal analysis, that "the Commonwealth [*sic*] failed to grant defense counsels [*sic*] motion to grant a [m]istrial." *Id.* at 19. Importantly, Bass fails to explain: (1) how Hall's testimony prejudiced him; (2) how that prejudice unavoidably deprived him of a fair trial; (3) how the trial court's cautionary jury instruction failed to alleviate any prejudice and; (4) how the trial court abused its discretion in denying his motion for a mistrial.

"The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (citation, quotation

---

[2] In violation of Pa.R.A.P. 2119(c), Bass does not direct us to the specific place in the record where this testimony appears. Bass similarly fails to provide a citation to the place in the record where he preserved this issue for appellate review. *See* Pa.R.A.P. 2119(e). Finally, Bass does not comply with Pa.R.A.P. 2111, which requires that an appellant append to their brief a copy of the statement of errors complained of on appeal filed with the trial court.

marks and brackets omitted).  While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel.  ***Bombar v. W. Am. Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007). Bass has made no effort whatsoever to discuss the applicable law or to link the facts of his case to that law.  His failure to develop a coherent legal argument in support of his second claim results in waiver of this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/9/2015